**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**REMELUS RA'MON RANKIN**                                                            **PETITIONER**

**v.**                                                                    **CIVIL ACTION NO. 1:24-cv-361-TBM-RPM**

**MAJOR FLOWERS**                                                                      **RESPONDENT**

### ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Petitioner Remelus Ra'mon Rankin filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241. He is a federal pretrial detainee, housed at the Pearl River County Jail in Poplarville, Mississippi. He asks the Court to dismiss his pending criminal case, *United States v. Rankin*, cause number 1:22cr16-TBM-BWR, which is also pending before the undersigned. The Court finds that this habeas case should be dismissed without prejudice.

### I.   BACKGROUND

On February 8, 2022, Rankin was indicted in this Court on multiple drug charges. *United States v. Rankin*, 1:22cr16 (S.D. Miss. Feb. 8, 2022) (Indictment). Rankin was ordered to be detained pending trial. *United States v. Rankin*, 1:22cr16 (S.D. Miss. Jan. 22, 2022) (Order of Detention). On November 1, 2023, the Court denied his first Motion to Dismiss on speedy trial grounds. *United States v. Rankin*, 1:22cr16 (S.D. Miss. Nov. 1, 2023) (Order). At a hearing on April 30, 2025, the Court granted in part Rankin's subsequent motion and dismissed without prejudice Count 1 of the Second Superseding Indictment on speedy trial grounds. *United States v. Rankin*, 1:22cr16 (S.D. Miss. Apr. 30, 2025) (Text Only Order). On May 30, 2025, Rankin pled guilty to Count 4, possession with intent to distribute at least five grams of methamphetamine. *United States*

*v. Rankin*, 1:22cr16 (S.D. Miss. May 30, 2025) (Plea Agreement). Sentencing is currently scheduled for October 2, 2025. *United States v. Rankin*, 1:22cr16 (S.D. Miss. May 30, 2025) (Minute Entry).

On November 22, 2024, Rankin filed the instant § 2241 Petition. He claims his federal pretrial detention constitutes "wrongful detainment," and he challenges the November 1, 2023 Order in his criminal case that denied his first Motion to Dismiss. [1] at 1-2. He asks the Court to release him. *Id.* at 7.

## II.   DISCUSSION

"[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be allowed in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391, 38 S. Ct. 166, 166, 62 L. Ed. 358, 359 (1918). A court should not grant pretrial habeas relief "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7, 72 S. Ct. 1, 4, 96 L. Ed. 3, 7 (1931).

For example, in *Fassler v. United States*, 858 F.2d 1016 (5th Cir. 1988), a federal pretrial detainee had been ordered to be detained pending trial. *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988). Rather than appeal the detention order, Fassler filed a § 2241 habeas petition asserting that the detention order was faulty and there was no evidence he was guilty of the crime charged. *Id.* The Fifth Circuit Court of Appeals held that habeas relief was "plainly not available," and that he should have appealed the detention order itself under 18 U.S.C. § 3145 to address any perceived deficiencies. *Id.* at 1017-18. The court also held that his claim of insufficient evidence was most appropriately addressed through the regular criminal process, including a direct appeal

of any subsequent conviction. *Id.* at 1019.

As a federal pretrial detainee, Rankin likewise invokes habeas corpus to challenge the validity of the criminal case against him. He collaterally attacks the November 1, 2023 denial of a motion to dismiss based on the issue of a speedy trial. *See Rankin*, 1:22cr16 (S.D. Miss. Nov. 1, 2023) (Order Den. Mot. to Dismiss). As in *Fassler*, this claim can be adequately handled through the regular judicial process in Rankin's criminal case. *See Medina v. Choate*, 875 F.3d 1025, 1099 (10th Cir. 2017) (holding speedy trial violation is not exceptional circumstance for federal pretrial detainee, because he "can raise his speedy trial claim . . . before the trial judge. . . . It is unnecessary and inappropriate to shop around for a second judge to, in essence, act as an appellate tribunal to review a possible error by the trial judge."); *Williamson v. Driver*, 386 F. App'x 491, 491 (5th Cir. Jul. 16, 2010) (aff'g dismissal of federal pretrial detainee's § 2241 petition challenging denial of motion to dismiss on speedy trial ground). Indeed, Rankin used the regular criminal procedures to address the issue in his criminal case. He partially reasserted the motion to dismiss, received a favorable ruling, and has since pled guilty, waiving any remaining speedy trial issues. His Petition should therefore be dismissed without prejudice.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case is dismissed without prejudice. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

THIS, the 23rd day of September, 2025.

TAYLOR B. MCNEEL
UNITED STATES DISTRICT JUDGE